Because I believe that Arnett has failed to demonstrate prejudice as a result of the trial judge's comments, I respectfully dissent.
Clearly, a trial judge's sense of religiosity should not be a determining factor in sentencing. Nonetheless, I agree with the state that Arnett's reliance on Bakker, supra, is misplaced. In Bakker, the trial judge explicitly stated that his own belief in religion had been assaulted by the actions of the defendant, indicating that "those of us who do have a religion are ridiculed as being saps from money-grubbing preachers or priests."[1] Thus, the trial judge in Bakker
indicated on the record that the defendant's actions had been a personal affront to him and that he therefore harbored a personal animus against the defendant.
No such improper influence is present in the instant case. Though the trial judge indicated that she consulted a religious source while struggling with her sentencing decision, it nevertheless appears from the context of the sentencing hearing that the Bible's tenets and the trial judge's own sense of religiosity were not the basis of the judge's decision. The language quoted from the Bible merely reflects society's interests in protecting its most vulnerable citizens, a laudable goal that is incorporated into the sentencing guidelines enacted by the General Assembly. The fact that this concern was placed in a religious context or phrased in religious terms does not render the concern invalid or inappropriate.
Further, the remainder of the sentencing hearing reflects that the trial judge considered all relevant factors — both aggravating and mitigating — in reaching her decision. While the majority suggests that the trial judge's reliance on scripture "tipped the scale" in favor of a harsh sentence, the judge's imposition of approximately half of the maximum sentence militates against such a conclusion. The repeated sexual assaults on the young victim in this case, coupled with Arnett's violation of the position of trust that he occupied and his threats of reprisal if the victim informed someone in authority, would have justified the judge in imposing the maximum sentence.
The mere citation of scriptural material in pronouncing the sentence should not be permitted to obscure the fact that the trial judge based her decision on the proper statutory considerations and that the defendant has failed to demonstrate that any prejudice resulted from the judge's statements. I would affirm the convictions and the sentences imposed by the trial judge, and I accordingly dissent.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.
[1] Bakker, supra at 740.